LUVA MEINRENKEN, Respondent, v. TRIPLE CITIES TRACTION CORPORATION, Appellant. FREDERICK MEINRENKEN, Respondent, v. TRIPLE CITIES TRACTION CORPORATION, Appellant.— The defendant utility appeals from a judgment entered following a joint trial of two actions, one for injuries, the other for loss of services and medical expense to the husband. The injured respondent, during pregnancy, rode upon one of defendant's " 200 type " buses operated on its East Conklin Avenue line in the city of Binghamton, N. Y., and vicinity

She testified that the right rear wheel mounted a curb eleven inches high when the bus turned at a street intersection; that she was severely shaken by the jolt of the bus in going over the curb and also when it returned to the street level, at once experienced pain in the abdomen and in a few hours suffered a miscarriage. The two verdicts were returned in connection with the damages claimed. Appellant questions the admissibility of evidence given by Minoia who conducted a gasoline filling station at the street intersection to the effect that he had observed, at about the time of the accident, buses reasonably identified as of the "200 type" being driven over the curb, and the resultant jounce or shock to the bus body. This was offered in rebuttal to testimony given by one of appellant's stockholders and managers that the "200 type" bus was so constructed and the body thereof so suspended and balanced that no shock would result from having the wheels go over a curb eleven inches high. The respondent wife says she was jounced and shaken, and the Minoia testimony was relevant in view of defendant's expert evidence. A further objection is made to the charge which, on request, substantially included subdivision 10 of section 81 of the Vehicle and Traffic Law: "A vehicle in turning at an intersection shall be driven with extreme caution and under control." In view of the statute, the charge was proper. No other error was presented. Judgment affirmed, with costs. All concur.